GRIFFING, DEPENDENT OF WOODROW GRIFFING, DECEASED *v.*
MARQUETTE CEMENT MANUFACTURING COMPANY

No. 43551          May 17, 1965          175 So. 2d 180

*Pyles & Tucker, Carl C. Bostic,* Jackson, for appellant.

*Daniel, Coker & Horton; John M. Roach, Jackson,* for appellee.

## ON MOTION FOR AUTHORITY TO COMPROMISE CLAIM AND APPROVE SETTLEMENT.

Lee, C. J.:

Mrs. Ida Hardy Griffing, widow of Thomas Woodrow Griffing, deceased, for herself and for her minor children, Shirley Elizabeth Griffing, James Thomas Griffing and David Wayne Griffing, filed a claim against Marquette Cement Manufacturing Company for work-

men's compensation benefits on account of the death of the decedent on June 1, 1963. The claim was heard by the attorney-referee, who made an award for the widow and children, based on Section 9 of the Workmen's Compensation Act and an average weekly wage of $100.00. This award was found on a controverted issue as to whether or not there was causal connection between the work and injury.

The medical evidence was in conflict. Dr. William H. Rosenblatt, a cardiologist, testifying for claimants, in answer to a hypothetical question, attributed the cause of death to an acute myocardial infarction. It was his opinion that the work lighted up and accelerated the attack, and continued work after the attack widened the area of infarction; and that a preexisting condition was from 25 to 50 percent responsible for death.

Dr. Richard Schuster, who had treated the deceased since October 1958, testified that the deceased sustained this myocardial infarction; that the same could have occurred anywhere, and at any time, and that there was no relationship between his work activities and the occlusion, which, in his opinion, occurred on May 31, when the decedent was not at work.

However, as above stated, the attorney-referee held that there was causal connection between the work and the fatality, which was affirmed by the Commission.

On appeal to the circuit court, the learned circuit judge held that the burden was on the claimant to prove causal connection between the work and the injury; that Dr. Schuster, who had previously treated and who also observed the decedent shortly after his seizure while on the job, was of the opinion that there was no connection whatever between the work and the death. Consequently, the trial judge held that the claimants failed to meet the burden, and reversed the order of the Commission and dismissed the claims.

An appeal was effected by the claimants to this Court, and while such appeal was pending, and before submission, the parties, that is, Mrs. Ida Hardy Griffing, as widow, and as mother and next friend of the three named children, and their attorneys, together with the appellee, by its attorneys, have filed a petition in which they represent that it has been agreed upon between them, to settle and compromise the same for the sum of $7,500; that one-third of that amount, towit: $2,500 of the proceeds shall be paid to the attorneys for their valuable services rendered in this behalf, and that Mrs. Ida Hardy Griffing may be authorized and empowered to execute a full and complete release, receipt and acquittance for and on behalf of herself, and said named minor children.

The Court has duly considered this petition, together with the original record in the cause, and is now fully advised in the premises.

■■■ The Court is of the opinion that this is a doubtful claim, disputed, and not readily collectible; that the proposed amount of the compromise settlement appears to be fair and reasonable; that it will be to the best interest of the claimants that the settlement, with commutation and a lump sum payment should be authorized and approved, and that Mrs. Griffing be authorized and empowered to execute all necessary releases to consummate such settlement.

■■■ The Court is of the further opinion that, when the settlement is fully effected and the $5,000.00 to be distributed to the widow and children is available, following the purpose of Mississippi Code Annotated, section 6998-13(c) (1952), it appears that the widow should receive approximately $2,710.82, and the minor children should each receive $763.06 to be paid over to their lawful guardian or guardians. Mississippi Code Annotated section 6998-17 (1952).

The proposed compromise settlement is authorized and approved.

*Ethridge, Rodgers, Patterson, and Inzer, JJ.*, concur.